THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Hector Alaniz, Jr., Appellant.
 
 
 

Appeal From Spartanburg County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No.  2006-UP-156
Submitted March 1, 2006  Filed March 15, 2006

APPEAL DISMISSED

 
 
 
 Assistant Appellate Defender Tara S. Taggart, Office of Appellate Defense, of Columbia,  of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Office of the Attorney General, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Hector Alaniz was indicted by a Spartanburg County Grand Jury for possession of a stolen pistol, resisting arrest, trafficking in cocaine, possession of a weapon during a crime of violence, and ABWIK.  Alaniz appeared before the circuit court and pled guilty to ABHAN, resisting arrest, and trafficking in cocaine.  He pled nolo contendere to possession of a stolen pistol and possession of a weapon during a crime of violence.  Alaniz appeals arguing the circuit court failed to comply with the mandates set forth in Boykin v. Alabama, 395 U.S. 238 (1969), by accepting his guilty plea before requiring the State to present a factual basis for the charges.  Pursuant to Anders v. California, 386 U.S. 738 (1967), Alanizs counsel attached a petition to be relieved, stating she reviewed the record and concluded this appeal lacks merit.  Alaniz also filed a pro se brief in which he asserts the indictments were unlawfully obtained.
After a thorough review of the record pursuant to Anders and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss the appeal and grant counsels petition to be relieved.
APPEAL DISMISSED.[1]
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.